UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OKLAHOMA

Filed/Docketed
Nov 10, 2010

| | |
|---|---|
| **In re:** ) | |
| ) | |
| **GREGORY V. COPELAND d/b/a** ) | |
| **COPELAND LAW OFFICES, PLLC,** ) | **Case No. 09–13443-R** |
| **d/b/a LAW OFFICES OF GREGORY** ) | **(Chapter 7)** |
| **V. COPELAND, PC, d/b/a APPLE** ) | |
| **PIE PUBLISHING COMPANY,** ) | |
| ) | |
| **Debtor.** ) | |
| ) | |
| **MOHAWK PROPERTIES, L.L.C.,** ) | |
| **and ROBERT CORETZ,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| vs. ) | **Adv. No. 09–1140-R** |
| ) | |
| **GREGORY V. COPELAND,** ) | |
| ) | |
| **Defendant.** ) | |

### ORDER DENYING UNOPPOSED MOTION TO SEAL
### ALL COURT DOCUMENTS FILED IN THIS
### ADVERSARY ACTION PURSUANT TO 11 U.S.C. § 107

Before the Court is the Unopposed Motion to Seal All Court Documents Filed in This Adversary Action Pursuant to 11 U.S.C. § 107 (the "Motion"), filed herein by Defendant Gregory V. Copeland (Doc. 46). Mr. Copeland requests that the Court seal some or all pleadings filed in this adversary proceeding under 11 U.S.C. § 107(b)(2)[1] on the ground that they include "scandalous and defamatory" material, namely allegations made by Plaintiffs

---

[1] Section 107(b)(2) provides that a court may restrict public access to filed documents to "protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title." 11 U.S.C. § 107(b)(2).

All future references herein to "§" are to sections of the Bankruptcy Code, Title 11 of the United States Code.

in support of their claim that Mr. Copeland owed them a debt arising from a "willful and malicious injury" which is excepted from discharge under § 523(a)(6).  Mr. Copeland also contends that in pleadings he filed in this proceeding, he disclosed medical records and psychological reports to rebut the allegations regarding the alleged "willful and malicious" conduct, and that those pleadings should be sealed to "maintain privacy and to prevent 'scandalous or defamatory' matters from arising from the court filings."  Motion at 2-3, ¶ 5.

The Court has jurisdiction over this "core" proceeding pursuant to 28 U.S.C. § 1334, § 157(a) and § 157(b)(2)(A), (I) and (O), and Local Civil Rule 84.1(a) of the United States District Court for the Northern District of Oklahoma.

Mr. Copeland argues that the standard for determining whether pleadings contain "scandalous or defamatory matter" is whether "a reasonable person would alter their [sic] opinion of the defendants" based on the information alleged in the pleadings.  Motion at 3, ¶ 8, citing In re Phar-Mor, Inc. (Phar-Mor, Inc. v. Defendants Named Under Seal), 191 B.R. 675, 679-80 (Bankr. N.D. Ohio 1995).  Because the parties settled this proceeding without a trial, Mr. Copeland asserts that Plaintiffs' allegations of "willful and malicious" conduct may be "improperly construed by others and appear 'scandalous or defamatory' by being subject to miscontextualization [sic] without the benefit of full evidentiary presentation."  Motion at 2, ¶ 4.  Accordingly, he contends that this Court must seal the record to protect Mr. Copeland's reputation.

The Bankruptcy Code provides that, subject to narrow exceptions, all pleadings "filed in a case under this title and the dockets of a bankruptcy court are public records and open to examination by an entity at reasonable times without charge."  11 U.S.C. § 107(a).

"[T]here is a longstanding presumption of public access to judicial records . . . [which] 'helps safeguard the integrity, quality, and respect in our judicial system, and permits the public to keep a watchful eye on the workings of public agencies." In re Gitto Global Corp., 422 F.3d 1, 6 (1st Cir. 2005) (internal quotation marks and citations omitted). See also In re Food Management Group, LLC, 359 B.R. 543, 553 (Bankr. S.D.N.Y. 2007). Sealing public records is warranted only in rare and extraordinary circumstances. See Gitto, 422 F.3d at 6; Food Management Group, 543 B.R. at 554. The limited circumstances under which public access to bankruptcy court records may be denied are codified by Section 107(b) and (c). Section 107(b)(2) requires a court to take measures necessary "to protect a person with respect to scandalous or defamatory matter." 11 U.S.C. § 107(b).

The standard advocated by Mr. Copeland for determining whether materials contained in pleadings are scandalous or defamatory, *i.e.,* whether "a reasonable person would alter [his or her] opinion of the defendant[]" based on the information alleged in the pleadings (Motion at 3, ¶ 8), is too broad. See Gitto, 422 F.3d at 8. "Many, if not the vast majority, of [papers filed in bankruptcy cases] will include material that is likely to affect an individual's reputation in the community." Id. at 8-9. Recognizing that the exception should be narrowly construed, the First Circuit Court of Appeals in the Gitto case crafted a reasonable and workable standard for determining when a bankruptcy court is required to grant protection to a party under § 107(b)(2) by adopting, in part, the justification for Rule 12(f) of the Federal Rules of Civil Procedure. Rule 12(f) permits a court to strike "redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).[2] The

---

[2] Rule 12(f) applies in adversary proceedings by virtue of Bankruptcy Rule 7012(b).

purpose of Rule 12(f) is to prevent a party from filing a complaint for improper purposes such as "gratifying public spite, promoting public scandal, and using court files as 'reservoirs of libelous statements for press consumption.'" Gitto, 422 F.3d at 12 (citation omitted). Accordingly, the basis "for removing material from the public eye focus[es] not just on the impact of the material on a person's reputation, but also on the role of the material in the court records." Id.  If the material is not relevant to the case, but is filed solely for the purpose of ridicule, embarrassment, or exposing the other party to scandal, the material should be stricken from the record, and if it negatively affects the other party's reputation, it should be sealed from public view.  However, if a statement in a pleading is relevant to a *bona fide* issue in the case and is not included for an improper purpose, public access to the pleading should not be restricted, even if the statement could diminish the other party's reputation. Id. at 12-13.  The Gitto court also held that a bankruptcy court may grant a party protection under § 107(b)(2) when it is "readily apparent" that the offending material is patently false. Id. at 11.

The Gitto court thus arrived at the following rule for determining whether public access to materials filed in a case should be restricted under § 107(b)(2).

> [M]aterial that would cause a reasonable person to alter his opinion of an interested party triggers the protections of § 107(b)(2) based on a showing that either (1) the material is untrue, or (2) the material is potentially untrue and irrelevant or included within a bankruptcy filing for an improper end.

Id. at 14.  See also In re Neal, 461 F.3d 1048, 1053-54 (8th Cir. 2006) (adopting the Gitto rule).  This Court concurs with the Gitto analysis and standard.[3]

---

[3]There is no precedential authority interpreting § 107(b)(2) in the Tenth Circuit.

In the complaint filed herein, Plaintiffs alleged that Mr. Copeland employed abusive and malicious litigation tactics in a state court action, causing Plaintiffs to incur substantial fees which Plaintiffs sought to be reduced to a non-dischargeable judgment. With respect to the first prong of the Gitto standard, Mr. Copeland does not contend that the Plaintiffs' factual allegations are patently false. Rather, he argues that because the evidentiary contest between Plaintiffs' and Mr. Copeland's respective views of the relevant events never occurred due to the parties' settlement, Mr. Copeland was deprived of the opportunity to challenge the validity of the allegations, vindicate himself, and preserve his reputation. The abandonment of the benefit of a favorable judgment is the price both parties to a settlement must accept. A settlement cannot erase the fact that litigation occurred, however, and settling litigants have no private right to block the public's access to the court's records solely because the outstanding, untested allegations cast a party in a disparaging light.

With respect to the second prong of the Gitto rule, even if all of the Plaintiffs' allegations were not completely true, and even if the allegations could negatively affect Mr. Copeland's reputation in the community, because the allegations were not inserted into the pleadings for any improper purpose, the pleadings are not subject to restriction under § 107(b)(2). Plaintiffs' statements detailing how Mr. Copeland allegedly multiplied the state court proceedings and caused Plaintiffs injury were not only *relevant* to Plaintiffs' claim that Mr. Copeland owed them a non-dischargeable debt, but were *essential* to plead and argue their cause of action under § 523(a)(6).[4]

---

[4]Section 523(a)(6) provides that a Chapter 7 discharge does not discharge a debtor from any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6).

5

Finally, Mr. Copeland seeks to seal documents that he filed because they contain sensitive medical information, records, and reports. The Court concludes that Mr. Copeland voluntarily waived his privacy rights with respect to this information. Further, because Mr. Copeland filed the pleadings himself and believed the information was relevant to his defense, these pleadings do not fall within the scope of § 107(b)(2) as scandalous or defamatory.

Based on the record in this case, and for the reasons stated herein, the Motion is denied.

**SO ORDERED** this 10th day of November, 2010.

DANA L. RASURE
UNITED STATES BANKRUPTCY JUDGE